IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**JOSE OCEGUEDA,**

    **Plaintiff,**

**v.**                                                                            Civil Action No. 3:07cv128
                                                                             (Judge Bailey)

**WARDEN JOYCE FRANCIS,
VALERIE RAPPOLD, CAPT.
MATTHEW ARNOLD, DEBORAH
LIVINGSTON, SCOTT HEATH,
TIMOTHY TOMPKINS, WILLIAM
KING AND DANIEL BRIGHT,**

    **Defendants.**

## OPINION/REPORT AND RECOMMENDATION

### I. Factual and Procedural History

On September 21, 2007, the *pro se* plaintiff initiated this case by filing a civil rights complaint against the above-named defendants. This case is before the undersigned for a Report and Recommendation on the defendants' Motion to Dismiss or for Summary Judgment.

The complaint arises from an incident that occurred on February 19, 2007. On that day, Officer William King observed a group of Hispanic inmates stomping the word "PAISA," the name of a suspected Hispanic gang, into the snow on the recreation yard at FCI-Gilmer. Defendant King notified Officer Daniel Bright of the unusual activity. Defendant Bright, being assigned as the Perimeter Mobile Patrol Number 1, observed the same action. Defendant Bright also observed several Surenos, another rival Hispanic gang, walking along the adjoining track. Defendant Bright then notified Recreation Specialist Scott Heath about the situation and identified all of the inmates

1

involved. Defendant Heath recorded all of this information. Officer Timothy Tompkins also responded to the incident and took photos of the word spelled out in the snow. Defendant Tompkins also helped escort the identified inmates to the Special Housing Unit (SHU).

Later, Defendant Bright filed an Incident Report charging all of the inmates, including the plaintiff, with violating Prohibited Act Code 212, Engaging or Encouraging a Group Demonstration. A Disciplinary Hearing was subsequently conducted for the plaintiff before Disciplinary Hearing Officer (DHO) Deborah Livingston, who found the plaintiff guilty of violating Code Section 299, Conduct Which Disrupts, Most Like Engaging or Encouraging a Group Demonstration. As a result of this finding, the plaintiff received sanctions of thirty days in disciplinary segregation, loss of telephone privileges for six months, and disallowance of twenty seven days of good conduct time.

A copy of the Disciplinary Hearing Officers report was given to the Plaintiff on March 19, 2007, six days after the report was finished.[1] The Plaintiff appealed and on June 19 2007, the action against him was remanded because "Section 11, Attachment 2, (Rem. Id. No. 446586-R2); of the Incident Report did not contain a description of the misconduct." [Civ. DE 45]. After remand of the issue, the incident was removed from the Plaintiff's records and all of his disallowed Good Conduct Time was credited back to his sentence.

The Plaintiff is arguing that he was falsely identified as participating in the activity because

---

[1]Plaintiff argues that the Administration did not provide him the report within the ten days that are required by prison policy. It appears from his pleadings that he is specifically arguing that the Administration had ten days from the date of the hearing to provide the report. However, as the plaintiff acknowledges in his own pleadings, the policy provides that the "[a]dministration has ten (10) days to get the D.H.O. *report* to the inmate." [Civ DE 1] (emphasis added). The DHO *report* was not completed until March 13, 2007. It was delivered to him on March 19, 2007. Therefore, the plaintiff timely received the DHO report and this claim is without merit.

2

of his ethnicity. He claims that the guards, in a racially derogatory way, refer to him as "Mexican" when the proper term is Hispanic. The plaintiff further claims that because of this racial targeting, he unjustly spent 45 days in the SHU. The plaintiff also claims a plethora of other non-specific violations, including violations of his Fifth, Eighth, and Fourteenth Amendment rights. As relief, the plaintiff requests $1,000,000.00 in compensatory, punitive and nominal damages for the anxiety and uneasiness of being placed in the SHU on false charges;[2] in satisfaction of the loss and injury sustained;[3] mental anguish and suffering; breach of agreement; invasion of right; and the wanton, reckless, malicious and oppressive character of the actions of which he complains. Complaint at 5. The plaintiff also seeks an injunction prohibiting the "given action."[4] Id.

## II. Standard of Review

### A. Motion to Dismiss

In ruling on a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-

---

[2]The undersigned notes that the charges were expunged from the plaintiff's record because of a technicality, failure to properly describe the misconduct in the incident report. Importantly, the charges were never found to be false, and the plaintiff has not proven so either.

[3]Plaintiff does not actually allege a specific loss or physical injury, nor can the Court determine one based on the alleged facts.

[4]Because this request is vague and nonspecific, the plaintiff has failed to establish a right to injunctive relief. See Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189 (4th Cir. 1977) (In considering a request for injunctive relief, the Court must weigh the following four factors: (1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied; (2) the likelihood of harm to the defendant if the requested relief is granted; (3) the likelihood that the plaintiff will succeed on the merits; and (4) the public interest.); see also Direx Israel, Ltd v. Breakthrough Medical Corp., 952 F.2d 802, 812 (4th Cir. 1991) (A court will not grant a preliminary injunction unless the plaintiff first makes a "clear showing" that he will suffer irreparable injury without it. The required harm "must be neither remote nor speculative, but actual and imminent."). Because the plaintiff has clearly not his burden, injunctive relief is not available and will not be discussed further herein.

3

pleaded material factual allegations. Advanced Health-Care Services, Inc., v. Radford Community Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Moreover, dismissal for failure to state a claim is properly granted where, assuming the facts alleged in the complaint to be true, and construing the allegations in the light most favorable to the plaintiff, it is clear as a matter of law that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

When a motion to dismiss pursuant to Rule 12(b)(6) is accompanied by affidavits, exhibits and other documents to be considered by the Court, the motion will be construed as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure.

**B. Motion for Summary Judgment**

Under the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admission on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). In applying the standard for summary judgment, the Court must review all the evidence "in the light most favorable to the nonmoving party." Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex at 323. Once "the moving party has carried its burden under Rule 56, the opponent must do more than simply show that there is some metaphysical doubt as to material facts."

Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party must present specific facts showing the existence of a genuine issue for trial. Id. This means that the "party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson at 256. The "mere existence of a scintilla of evidence" favoring the non-moving party will not prevent the entry of summary judgment. Id. at 248. Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, at 587 (citation omitted).

### III. Analysis

**A. Damages**

As plead, the plaintiff's alleged injuries are only mental or emotional. Pursuant to 42 U.S.C. §1997e(e) "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." See Alexander v. Tippah County, Miss., 351 F. 3d 626 (5th Cir. 2003) ( §1997e(e) precludes recovery for emotional and mental injuries arising from conditions of confinement without a physical injury); see also Counts v. Newhart, 951 F.Supp. 579 (E.D. Va. 1996) (eighth amendment claims of overcrowding and inadequate medical treatment without evidence of injury could be dismissed at the outset under §1997e(e)). Thus, the plaintiff is not entitled to compensatory damages against the defendants.

With regard to the plaintiff's request for punitive damages, the Court recognizes that some circuits have determined that §1997e(e) does not preclude recovery for punitive damages. Nonetheless, the better view is that where punitive damages are requested solely for emotional or

5

mental injuries, such damages are precluded by §1997e(e). See <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 252 (3d Cir.2000); <u>Davis v. District of Columbia</u>, 158 F. 3d 1342 (D.C. Cir. 1998). Consequently, the plaintiff's request for punitive damages based solely on mental and emotional injuries is barred.

With regard to the plaintiff's request for nominal damages, such damages do not appear to be precluded by 42 U.S.C. §1997(e). In fact, the Second, Third, Seventh, Ninth, Tenth and Eleventh Circuits have all determined that § 1997e(e) does not preclude a prisoner from seeking nominal damages. See <u>Hughes v. Lott</u>, 350 F.3d 1157 (11th Cir. 2003); <u>Calhoun v. DeTella</u>, 319 F.3d 936, 941 (7th Cir.2003); <u>Oliver v. Keller</u>, 289 F.3d 623, 630 (9th Cir.2002); <u>Thompson v. Carter</u>, 284 F.3d 411, 418 (2d Cir.2002); <u>Searles v. Van Bebber</u>, 251 F.3d 869, 878-79 (10th Cir.2001); <u>Allah v. Al-Hafeez</u>, 226 F.3d 247, 252 (3d Cir.2000). Therefore, without a showing of physical injury, the only relief available to the plaintiff in this case is nominal damages.

**B. <u>Failure to State a Claim</u>**

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. Complaints which are frivolous or malicious, must be dismissed. 28 U.S.C. § 1915(e).

A complaint is frivolous if it is without arguable merit either in law or in fact. <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). However, while p*ro se* complaints are to be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Gordon v. Leeke</u>, 574 F. 2d 1147 (4th Cir. 1978), and

6

the mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, a district court may not rewrite a petition to include claims that were never presented. See Barnett v. Hargett, 174 F.3d 1128,1133 (10th Cir. 1999). Nor can the Court construct the plaintiff's legal arguments for him, see Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986).

In the instant case, the only specific claim that the plaintiff makes is one of racial targeting and/or discrimination. In support of that claim, the plaintiff asserts that the defendants called him a "Mexican." However, name-calling alone cannot form the basis of a constitutional violation because a person has no liberty interest at stake. Numerous courts around the country have held that "even the most abusive verbal attacks do not violate the constitution." Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987); Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979). Nor do words or threats amount to assault under 42 U.S.C. §1983. Pierce v. King, 918 F.Supp. 932 (E.D.N.C. 1996), aff'd, 131 F.3d 136 (4th Cir. 1997), cert. granted and jdgmt. vacated on other grounds, 525 U.S. 802 (1998). Likewise, racial epithets do not implicate constitutional rights because, "no matter how abhorrent or reprehensible" a racial epithet may be, it does not in itself form the basis of a constitutional claim. See Wade v. Fisk, 176 A.D.2d 1087, 1089, 575 NYS.2d 394 (1991).

Therefore, even if the plaintiff's claim of racial targeting and/or discrimination is true, his claim is not compensable under present law. Accordingly, the plaintiff has failed to state a claim for which relief may be granted and this claim must be dismissed.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss [Civ DE 45] be **GRANTED** and the petitioner's civil rights complaint [Civ DE 1] be **DENIED** and **DISMISSED**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: July 25, 2008.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE